# PITTA & GIBLIN LLP
### Attorneys at Law

120 Broadway, 28th Floor
New York, New York 10271
Tel: (212) 652-3890
Facsimile: (212) 652-3891

**Vincent M. Giblin**
**Partner**
Direct Dial: (212) 652-3883
vgiblin@pittagiblin.com

June 4, 2012

<u>**VIA ECF FILING**</u>
Hon. Ramon E. Reyes
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, NY

      Re:    <u>**Averil C. Morrison et al. v. IUOE Local 14-14B**</u>
               **Civil Action No. 12-0301 (FB) (RER)**

Dear Judge Reyes:

      This Firm represents the International Union of Operating Engineers Local 14-14B (the "Union") in connection with the above-referenced matter. This letter serves as the Union's response to Plaintiff's pre-motion letter dated June 1, 2012, requesting that the Court compel the Local 14-14B Trust Funds (the "Funds") to comply with the subpoena. This Court should deny Plaintiff's request and quash the subpoena because (1) the subpoena is defective as it violates the Court's preconditions for engaging in indispensible party discovery—namely, a "meet and confer", (2) Plaintiff's subpoena failed to satisfy Rule 45's notice requirement to this Firm and (3) Plaintiff has already received all responsive information requested at the initial conference so she has nothing to complain about here.

      On April 19, 2012, this Court held an initial conference concerning, among other things, the scope of indispensible party discovery. At the initial conference, Plaintiff's counsel stated that indispensible party discovery would be limited to the names of the *largest* contributing employers because "[a] relatively small number of contractors . . . are responsible for eighty or ninety percent of the construction work." [Transcript of Proceedings, 15:17-21.] In light of Plaintiff's position, the Court directed the parties to meet and confer about the number of employers that fit within Plaintiff's request.

      Notwithstanding the directive to engage in a "meet and confer", on May 4, 2012, Plaintiff unilaterally issued a subpoena, without notice to this Firm, compelling a representative of the Local 14 Trust Funds (the "Funds") to be deposed and directing the Funds to identify the top contributing employers, and all employers who purchased fringe benefit stamps in excess of $250,000.00 for the time period of 2007 through 2011. A copy of the subpoena is attached hereto as Exhibit "A".

By failing to provide the necessary notice under FED. R. CIV. P. 45, Plaintiff's subpoena was legally defective. When a party violates the notice requirement, he or she must withdraw the subpoena; otherwise, the opposing party can move to quash it. *See Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 412 (S.D.N.Y. 2000) (finding that the subpoena, if not withdrawn, would have been quashed because the plaintiff failed to provide notice to the defendants). Plaintiff has yet to provide us with a copy of the subpoena.

The subpoena is also defective because it failed to comply with the Court's precondition that the parties meet and confer. Under FED. R. CIV. P. 16, the court may issue a scheduling order limiting the extent of discovery. On April 19, 2012, this Court did so and directed the parties to meet and confer to agree on the scope of indispensible party discovery. The Court never authorized subpoenas or depositions. Because Plaintiff violated the judicially imposed limitations on discovery under FED. R. CIV. P. 16, the Court should not compel compliance with the subpoena.

Notwithstanding the defects in Plaintiff's subpoena, the Union complied with the discovery request made by Plaintiff at the initial conference. Attached as Exhibit "B" is the Union's letter to Plaintiff's counsel dated June 1, 2012, which identifies the top thirty (30) contributing employers for years 2007 through 2012, comprising eighty percent of the contributions to the Funds. Thus, Plaintiff has received everything she asked for at the initial conference and has nothing to complain about here.

The complaint made by Plaintiff in her pre-motion letter arises from her change in position about the scope of discovery she seeks, which was not articulated until the last day of indispensible party discovery. On June 1, 2012, Plaintiff stated that she now seeks a sampling of employers at all contribution ranges (instead of just the largest employers, which was requested at the initial conference) to determine whether they should be included in the lawsuit. The Union already produced the discovery that Plaintiff initially requested—the names of the employers who are responsible for eighty percent of the construction industry. Any last-minute attempt made by Plaintiff to drastically increase the scope of discovery is unreasonable and must be denied.

For the aforementioned reasons, this Court should quash Plaintiff's subpoena and deny the relief sought in Plaintiff's letter dated June 1, 2012.

Respectfully submitted,
**PITTA & GIBLIN, LLP**
Attorneys for Defendant

By:   *S/VINCENT M. GIBLIN*

_____
VINCENT M. GIBLIN

cc:   James Steinberg, General Counsel for IUOE Local 14 and the Fund

{00538173.DOCX / }