**SEYFARTH SHAW LLP**

620 Eighth Avenue

New York, New York  10018

(212) 218-5500

fax (212) 218-5526

www.seyfarth.com

Writer's direct phone
(212) 218-5507

Writer's e-mail
dkesselman@seyfarth.com

**ELECTRONICALLY FILED**                                      September 25, 2012

Honorable Frederic Block
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Morrison v. International Union of Operating Engineers, Local 14-14B, AFL-CIO*,
            E.D.N.Y. Case No. 12-cv-301 (FB)(RER)

Dear Judge Block:

     As Your Honor is aware, Seyfarth Shaw LLP represents Dragados USA, Inc. ("Dragados"), El Sol Contracting and Construction Corporation ("El Sol"), Gotham Construction Company, LLC ("Gotham"), and Tishman Construction Corporation of New York and Tishman Construction Corporation (collectively, "Tishman") (Dragados, El Sol, Gotham, and Tishman collectively referred to herein as the "Contractor Defendants") in the above-referenced matter.[1]  Pursuant to Your Honor's Individual Rule 2.A., we write to request a pre-motion conference in connection with the Contractor Defendants' anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

     Plaintiffs are a putative class of non-white Operating Engineers who allege that they have been discriminated against based on their race by their union, the International Union of Operating Engineers Local 14-14B ("Local 14"), and 23 different construction companies who allegedly hired Operating Engineers through Local 14.  In their Amended Complaint ("Complaint"), Plaintiffs assert race discrimination claims under 42 U.S.C. § 1981 and the New York City Human Rights Law ("NYCHRL"), and a claim for sex discrimination under the NYCHRL.[2]  However, even a surface review of the Complaint makes clear that Plaintiffs do not offer <u>any</u> factual allegations as to the Contractor Defendants that could support their claims, and instead rely entirely on conclusory allegations and assertions that are so generic, threadbare, and irrelevant that they fail even the most superficial scrutiny under the well-established standards set forth in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) and <u>Bell Atl. Corp v. Twombly</u>, 550 U.S. 544 (2007).  Moreover, the Complaint is devoid of any factual allegations sufficient even to plead a class that could survive a motion to dismiss under <u>Iqbal</u> and <u>Twombly</u>.  Indeed, despite lengthy assertions about Local 14, the Complaint offers <u>no</u> specific factual allegations as to Dragados, El Sol, Gotham, or Tishman that could remotely state a "plausible" claim of discrimination under <u>Iqbal</u> or <u>Twombly</u>.

---

[1] Seyfarth Shaw LLP also represents Dragados Construction USA, Inc. and Tishman Construction Corporation of Manhattan.  Pursuant to a stipulation filed on September 25, 2012, those parties have been dismissed from the action.

[2] Plaintiffs also assert additional claims under Title VII against Local 14.

LONDON | WASHINGTON, D.C. | SAN FRANCISCO | SACRAMENTO | NEW YORK | LOS ANGELES | HOUSTON | CHICAGO | BOSTON | ATLANTA



Honorable Frederic Block
September 25, 2012
Page 2

By way of example, the Complaint alleges that Local 14 discriminates in myriad ways, by restricting its membership disproportionately to whites and by controlling and manipulating the procedures for assigning Operating Engineers to provide preferential treatment to its white members. (Compl. ¶¶ 51-116.)  The Complaint further emphasizes Local 14's control, noting that although contractors "theoretically" could hire Local 14 Operating Engineers independently, "as a practical matter" hiring and assignments were controlled by the union (id. ¶¶ 80-81), and that the union's use of a hiring hall and business agents provides it with "at least three ways" to ensure that a particular Operating Engineer is assigned to a particular job.  (Id. ¶ 94.)³

Yet, despite extensive allegations regarding Local 14's actions, the Complaint contains no well-pled factual allegations of discriminatory conduct by Dragados, El Sol, Gotham, or Tishman.  Instead, it alleges in conclusory and utterly generic fashion that all of the contractors are liable because they engaged in some generic "employment practices" (id. ¶ 44), offering nothing more than platitudes like "[a]s sophisticated business entities . . . [they] are aware of the general demographics of New York City" (id. ¶ 129) (as if this were even relevant to the demographics of the pool of Operating Engineers) and that all of the contractors "know that discrimination on the basis of race, ethnicity or gender is illegal."  (Id. ¶ 132.)  Without the slightest attempt at offering any factual allegations specific to Dragados, El Sol, Gotham, or Tishman, Plaintiffs simply allege that all contractors "to a greater or lessor [sic] extent" delegated their hiring authority to Local 14 (id. ¶ 137) or, alternatively, that all of the contractors "rely on low level supervisors or site managers to make the hiring decisions" (id. ¶ 140), and then vaguely assert as a given "the discriminatory intent" of every "low level supervisor[] and site manager[]" in New York.  (Id. ¶ 142.)  These kinds of generic conclusory allegations – which could as easily be "cut and pasted" against any employer without the slightest factual support – fail as a matter of law, and Plaintiffs' § 1981 and NYCHRL claims therefore cannot survive a Fed. R. Civ. P. 12(b)(6) motion.  See Grimes v. Fremont Gen. Corp., 785 F. Supp. 2d 269, 296 (S.D.N.Y. 2011).  Likewise, the Complaint's sex discrimination claim lacks any factual allegations regarding the Contractor Defendants' conduct sufficient to state a "plausible" claim, and must be dismissed.  See Zheng v. Wong, 2009 U.S. Dist. LEXIS 74891, at *19-20 (E.D.N.Y. Aug. 24, 2009) (Block, J.) (dismissing New York State sex discrimination claim on Iqbal/Twombly grounds).⁴

Moreover, the Supreme Court has already rejected Plaintiffs' theories on near-identical facts. In Gen. Bldg. Contractors Assoc., Inc. v. Pa. et al., 458 U.S. 375 (1982), the Supreme Court dismissed identical claims that a contractor could be held liable under § 1981 based on its hiring of union members, held that "§ 1981 … can be violated only by purposeful discrimination" (id., at 391), and rejected the same theories attempted by the Complaint – that the Contractor Defendants might be liable under a "nondelegable" duty to halt discrimination carried out by Local 14 or might be vicariously liable for Local 14's conduct.  Id., at 391-397.  Plaintiffs' alternate attempt to assert a violation of § 1981 and the NYCHRL under a "disparate impact" theory similarly fails as a matter of law. (Compl.

---

³ Dragados, El Sol, Gotham, and Tishman have no basis nor knowledge of the truth of these broad allegations, and do not suggest by reciting them here that there is any basis to them whatsoever, nor is there any factual allegation in the Complaint to suggest that they had any such knowledge.

⁴ Indeed, it is notable that with the lack of any allegations of discriminatory conduct, comments, or intent by Dragados, El Sol, Gotham, or Tishman, Plaintiffs have named these defendants because Plaintiffs were employed by some of them at various points – i.e., these defendants plainly did hire minority Operating Engineers.



Honorable Frederic Block
September 25, 2012
Page 3

¶¶ 170, 173.)  As this Court held in Ganzy v. Sun Chem. Corp., a "'disparate impact' claim under § 1981 … is not even a cognizable claim." 2008 U.S. Dist. LEXIS 60149, at *29 n.13 (E.D.N.Y. Aug. 8, 2008) (Block, J.) (citing Gen. Contractors, 458 U.S. at 388-391).

Finally, Plaintiffs' class allegations similarly cannot survive a motion to dismiss under Iqbal and Twombly because the Complaint relies on conclusory assertions that cannot support a class complaint.  Plaintiffs' class allegations consist of broad generalizations that Plaintiffs' claims "are typical of the claims of the class" because they involve "employment practices" of 23 different defendants and assert "commonality" based on such generic questions as "whether the [23 different] defendant contractors have intentionally discriminated" – all without alleging anything remotely specific as to what each of the contractors' practices actually were. (Compl. ¶¶ 38-46.)  Such claims are properly dismissed on a motion to dismiss.  See e.g., Harding v. Time Warner, Inc., 2009 U.S. Dist. LEXIS 72851, at *11-12 (S.D. Cal. Aug. 18, 2009) (dismissing class claims under Twombly because allegations in the complaint were generic and conclusory); Padron v. Wal-Mart Stores, Inc., 2011 U.S. Dist. LEXIS 49561, at *6-8 (N.D. Ill., May 9, 2011) (dismissing class claims that consisted of only "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" of the kind held insufficient in Iqbal).  Plaintiffs must identify a specific policy or practice common to all class members, and all defendants, alleged to have caused discrimination. Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2554 (2011).  This they have not done and cannot do, as is apparent from the face of the complaint.  See Cornette v. Jenny Garton Ins. Agency, Inc., 2010 U.S. Dist. LEXIS 52809, at *4-6 (N.D.W.Va. May 27, 2010).  Here, the Complaint alleges that 23 different contractors, over many years, and pursuant to different collective bargaining agreements negotiated by different industry trade groups,[5] delegated their hiring to Local 14, which assigned Operating Engineers to diverse construction projects and sites with 23 different contractors, or, alternatively, that the 23 different contractor defendants involved their own local managers in making hiring decisions.  Either theory will require independent evaluations of each putative class member's individual claims as against each individual defendant.  Based solely on Plaintiffs' own conclusory allegations, then, the Supreme Court's recent decision in Dukes forecloses a class based on such allegations.  See also, Bolden v. Walsh Constr. Co., No. 12-2205, 2012 WL 3194593, at *5 (7th Cir. Aug. 8, 2012) (hiring decisions of multiple superintendents at different construction sites of even a single contractor could not support a class despite plaintiffs' attempt to repackage "local variability as uniformity").

For each of the reasons set forth above, Dragados, El Sol, Gotham, and Tishman respectfully request a pre-motion conference and are prepared to file their motion to dismiss promptly.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Dov Kesselman*
Dov Kesselman

cc:    Counsel for All Parties of Record

---

[5] Indeed, not all the named defendants, including Dragados, are even parties to the collective bargaining agreements.