UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AVERIL C. MORRISON, DELISA WILLIAMS,
JANENNE GONZALEZ, DELROY DANVERS,
GARFIELD DANVERS, Individually and on behalf
of all those similarly situated,

                      Plaintiffs,

    -against-

INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, AFL-CIO, BAY
CRANE SERVICE INC., DCM ERECTORS, INC.,
DRAGADOS CONSTRUCTION USA, INC.,
DRAGADOS USA, INC., EL SOL CONTRACTING
AND CONSTRUCTION CO., INC., FOREST
CITY COMMERCIAL CONSTRUCTION CO., INC.,
FOREST CITY RATNER COMPANIES, LLC,
GOTHAM CONSTRUCTION COMPANY, LLC,
HALMAR CONSTRUCTION CORP., JUDLAU
CONTACTING, INC., JUDLAU ENTERPRISES, LLC,
LEND LEASE (US) CONSTRUCTION LMB INC.,
MONADNOCK CONSTRUCTION, INC., SHIAVONE
CONSTRUCTING CO. LLC, SKANSKA USA INC.,
SKANSKA INC., SOLERA CONSTRUCTION INC.,
SORBARA CONSTRUCTION CORP., TISHMAN
CONSTRUCTION CORPORATION OF MANHATTAN,
TISHMAN CONSTRUCTION CORPORATION OF NEW
YORK, TISHMAN CONSTRUCTION CORPORATION,
TURNER CONSTRUCTION COMPANY, YONKERS
CONTRACTING COMPANY, INC.,

                      Defendant.
------------------------------------------------------------------------X

**ANSWER TO FIRST AMENDED COMPLAINT**

CV-12-0301 (FB) (RER)

    Defendant INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B ("LOCAL 14") by its attorneys BRADY McGUIRE & STEINBERG, P.C. and PITTA & GIBLIN LLP, hereby answers the First Amended Complaint as follows:

    1.    Admits that Plaintiffs make the claim asserted, but denies that any such claim has merit and on said basis denies the allegations contained in Paragraph 1 of the First Amended Complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the First Amended Complaint and states that the allegations in that paragraph are legal conclusions to which no response is required.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the First Amended Complaint and refers all questions of law to the Court.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4, 5, 6, 7, 8 of the First Amended Complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the First Amended Complaint and refers all questions of law to the Court.

6. Denies the allegation contained in Paragraph 10 of the First Amended Complaint except admits that Defendant LOCAL 14 is a party to a number of collective bargaining agreements negotiated with employer associations as well as collective bargaining agreements entered into with employers who are not members of any employer association.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the First Amended Complaint.

8. Denies the allegations contained in Paragraph 12 of the First Amended Complaint except admits that certain equipment covered under certain collective bargaining agreements require licensing by the New York City Department of Buildings.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36 and 37 of the First Amended Complaint.

10. Denies the allegations contained in Paragraphs 38, 39, 40, 41, 42, 43, 44, 45, 46, 47 and 48 of the First Amended Complaint.

11. Denies the allegations contained in Paragraph 49 of the First Amended Complaint.

12. Denies the allegations contained in Paragraph 50 of the First Amended Complaint except admits that Defendant LOCAL 14 was a party to the matter identified as *Equal Employment Opportunity Commission v. Local 14, International Union of Operating Engineers*.

13. Denies the allegations contained in Paragraph 51 of the First Amended Complaint.

14. Denies the allegations contained in Paragraph 52 of the First Amended Complaint.

15. Denies the allegations contained in Paragraph 53 of the First Amended Complaint.

16. Denies the allegations contained in Paragraphs 54, 55, 56 and 57 of the First Amended Complaint but admits that: (a) the Executive Board which includes certain officers, is the policy making body for Defendant LOCAL 14; (b) an election has not been held since 2002 as a result of the pending Consent Decree with the U.S. Attorney's Office for the Eastern District of New York; (c) Defendant LOCAL 14 is a party to a number of collective bargaining agreements negotiated with employer associations along with other collective bargaining agreements with employers who are not affiliated with said employer associations; and (d) the terms and conditions of employment, including wages, are provided for in the aforementioned collective bargaining agreements.

17. Denies the allegations contained in Paragraph 58 of the First Amended Complaint.

18. Denies the allegations contained in Paragraph 59 of the First Amended Complaint.

19. Denies the allegations contained in Paragraph 60 of the First Amended Complaint except admits that Defendant LOCAL 14 operates a nonexclusive referral hall.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of the First Amended Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 62 of the First Amended Complaint.

22. Denies the allegations contained in Paragraph 63 of the First Amended Complaint except admits that the terms and conditions for the employment of a master mechanic are provided for in the aforementioned collective bargaining agreements.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 64 of the First Amended Complaint except admits that the terms and conditions for the employment of a master mechanic are provided for in the aforementioned collective bargaining agreements.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 65 of the First Amended Complaint except admits that the terms and conditions for the employment of a master mechanic are provided for in the aforementioned collective bargaining agreements.

25. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66 of the First Amended Complaint except admits that the terms and conditions for the employment of a master mechanic are provided for in the aforementioned collective bargaining agreements.

26. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 67 of the First Amended Complaint except admits that the terms and conditions for the employment of a master mechanic are provided for in the aforementioned collective bargaining agreements.

27. Denies the allegations contained in Paragraph 68, 69, 70, 71, 72 and 73 of the First Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 74 of the First Amended Complaint.

29. Denies the allegations contained in Paragraph 75 of the First Amended Complaint.

30. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76 of the First Amended Complaint and refers to the applicable collective bargaining agreement.

31. Denies the allegations contained in Paragraph 77, 78, 79 and 80 of the First Amended Complaint.

34. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 81 of the First Amended Complaint.

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 82 of the First Amended Complaint.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 83 of the First Amended Complaint.

34. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 84 of the First Amended Complaint.

35. Denies the allegations contained in Paragraph 85 of the First Amended Complaint.

36. Denies the allegations contained in Paragraph 86 of the First Amended Complaint.

37. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 87 of the First Amended Complaint.

38. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 88 of the First Amended Complaint.

39. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 89 of the First Amended Complaint.

40. Denies the allegations contained in Paragraphs 90 and 91 of the First Amended Complaint except admits that under certain circumstances, a contractor may contact Defendant LOCAL 14 to request an operating engineer and refers to the terms of the applicable collective bargaining agreement and LOCAL 14 Bylaws and Referral Procedures.

41. Denies the allegations contained in Paragraph 92, 93, 94, 95, 96 and 97 of the First Amended Complaint.

42. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 98 of the First Amended Complaint.

43. Denies the allegations contained in Paragraphs 99, 100 and 101 of the First Amended Complaint.

44. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 102 and 103 of the First Amended Complaint.

45. Denies the allegations contained in Paragraph 104, 105 and 106 of the First Amended Complaint.

46. Denies the allegations contained in Paragraphs 107, 108, 109 and 110 of the First Amended Complaint except admits that: (a) there are not currently any female Master Mechanics; (b) there are not currently any women on the Executive Board; and (c) there are not currently any women on the Examining Board.

47. Denies the allegations contained in Paragraphs 111 and 112 of the First Amended Complaint and refers to the terms of the applicable collective bargaining agreement.

48. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 113 of the First Amended Complaint.

49. Denies the allegations contained in Paragraphs 114, 115 and 116 of the First Amended Complaint.

50. Denies the allegations contained in Paragraph 117 and 118 of the First Amended Complaint.

51. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 119, 120, 121, 122, 123, 124, 125, 126 and 127 of the First Amended Complaint.

52. Denies the allegations contained in Paragraph 128 of the First Amended Complaint.

53. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 129 and 130 of the First Amended Complaint.

54. Denies the allegations contained in Paragraph 131 of the First Amended Complaint.

55. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 132, 133, 134, 135 and 136 of the First Amended Complaint.

56. Denies the allegations contained in Paragraphs 137 and 138 of the First Amended Complaint.

57. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 139 of the First Amended Complaint except denies that Local 14 engages in discrimination and denies that Local 14 decides what operating engineers will be hired for major construction projects.

58. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 140 and 141 of the First Amended Complaint.

59. Denies the allegation contained in paragraph 142 of the First Amended Complaint.

60. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 143, 144, 145 and 146 of the First Amended Complaint.

61. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 147 of the First Amended Complaint except admits that certain collective bargaining agreements with Local 14 are negotiated by employer associations.

62. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 148, 149, 150, 151, 152, 153, 154, 155 and 156 of the First Amended Complaint.

63. Denies the allegation contained in paragraph 157 of the First Amended Complaint.

64. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 158 of the First Amended Complaint.

65 Denies the allegation contained in 159, 160, 161, 162, 163, 164, 165, 166, 167 and 168 of the First Amended Complaint.

66. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 169, 170, 171, 172, 173, 174, 175, 176 and 177 of the First Amended Complaint.

### AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state its allegations against Defendant LOCAL 14 with the requisite specificity.

### AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and by the equitable doctrine of laches.

### AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate any damages allegedly sustained in connection with the purported conducted alleged in the Complaint.

### **AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any damages as a result of any possible acts or omissions of Defendant LOCAL 14.

### **AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE**

Defendant LOCAL 14 did not breach any duties or obligations of any kind, either expressed or implied, whether arising from common law, statute, contract or otherwise.

### **AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are pre-empted by the Labor Management Relations Act.

### **AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE**

Any alleged damages as claimed by Plaintiff stem from her own acts of wrongdoing.

### **AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE**

Any alleged damages as claimed by Plaintiff stem from her own violation of the IUOE Constitution, Defendant LOCAL 14's Bylaws and/or the applicable collective bargaining agreements.

### **AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE**

The claims alleged in the Complaint are barred in whole or in part by the equitable doctrines of unclean hands and estoppel.

### **AS AND FOR DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE**

The claims alleged in the Complaint fail to set forth facts and/or circumstances that would support an award of punitive damages and/or attorneys' fees.

### **AS AND FOR DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exhaust her administrative remedies as provided for under Defendant LOCAL 14's Bylaws and the Constitution of the International Union of Operating Engineers.

## AS AND FOR DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE

The hiring of LOCAL 14 members by any of the Co-Defendants is within the exclusive province of the contractor defendant.

## AS AND FOR DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE

Defendant LOCAL 14 reserves the right to assert additional affirmative defenses as its investigation continues and reserves the right to assert claims for indemnification and contribution as may be warranted.

**WHEREFORE**, Defendant LOCAL 14 demands judgment dismissing the First Amended Complaint in its entirety, together with the costs and disbursements of this action, including reasonable attorneys' fees incurred in defending this action, and such other and further relief as the Court deems just and proper.

Dated: Tarrytown, New York
September 28, 2012

Respectfully submitted,

BRADY McGUIRE & STEINBERG, P.C.

By: _____
James M. Steinberg (JS-3515)
Attorneys for Defendant I.U.O.E. LOCAL 14
303 South Broadway, Suite 234
Tarrytown, New York 10591
(914) 478-4293

-and-

PITTA & GIBLIN LLP

By: _____
Vincent M. Giblin (VG-3668)
Attorneys for Defendant I.U.O.E. LOCAL 14
120 Broadway, 28th Floor
New York, New York 10271
(212) 652-3890

TO: Michael G. O'Neill, Esq.
Attorney for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990

All Defense Counsel *via* ECF